The opinion of the Court was delivered by
Levy, J.
Plaintiffs, judgment creditors of Rev. C. Delacroix, bring this hyx>othecary action for the purpose of subjecting certain property of said Delacroix, now in the possession of the defendant Congregation, as third possessors, to their judicial mortgage.
Plaintiffs are the sole heirs of the creditor, by judgment rendered in the suit of F. A. Gallagher vs. Rev. C. Delacroix, which judgment was recorded in the office of Recorder of Mortgages of the Parish of East Baton Rouge, on the 18th of July, 1872. On the 1st of October, 1875, Rev. Delacroix purchased the property sought to be affected by plaintiffs’ judgment from Marco Givannovich, and the deed of sale was recorded in the book of notarial acts on the 15th of September, 187(1, and he made an exchange and sale of this property to the Hebrew Congregation of Baton Rouge, by act executed before a notary on the 12th *527 of September, 1876, but which was recorded on the 16th of September, 1876, one day later than the recording of the sale from Givannovich to Delacroix.
Defendants, in their answer, admit their purchase of the property, but contend that said sale to them was passed on the 12th of September, 1876, before the Parish Recorder, and that no judicial mortgage could attach, inasmuch as the deed to Delacroix had not then been recorded, and their title vested by the passage of the act on the day of such passage. The original answer was filed on 25th July, 1881. The cause was assigned for trial for Thursday, 27th October, 1881, and reassigned for November 3d, for November 10th, and for November 16th, 1881. On this last day, plaintiff suggested the death of Mrs. Emiline Gallagher, one of the plaintiffs, and a motion was made and allowed, that the natural tutor of her minor children be substituted as party plaintiff, and the ease was continued until the next term of court. On the 6th of December, 1881, the cause was assigned for trial on the 10th of that month, then reassigned for 21st December, but was not then tried. At the January term 1882, defendants filed an amended answer, in which they claimed, as possessors in good faith, reimbursement for improvements made, and prayed for a jury. The Court ordered the prayer for a jury to be stricken out, and as thus amended, the answer was filed and there was judgment in favor of plaintiffs and rejecting defendants reconventional demand. Defendants have appealed. To the ruling of the Court refusing the prayer for jury, defendants filed a bill of exceptions.
The defendants were entitled to the jury prayed for. In 2A. 651, La. State Bank vs. Duplessis, the Court said:
“It appears that this cause had been set for trial several times, and had been continued without day. At the time a prayer for jury was made, it does not appear that the cause was then set down for trial. If this reason had existed, we should have sustained the refusal, but the mere fact that on former occasions the cause had been set for trial, was not a sufficient reason for rejecting the application.” C. P. 495; 28 A. 731.
It is, therefore, ordered, adjudged and decreed, that the judgment of the Court below be reversed, and that this cause be remanded for a trial by jury, the plaintiffs paying the costs of this appeal.